UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JANET LOUISE BRYANT,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,[1]<br><br>Defendant. | Case No. 2:16-cv-01607-RFB-CWH<br><br>ORDER |

## I. INTRODUCTION

Before the Court is Plaintiff Janet Louise Bryant's ("Bryant") Motion for Reversal and Remand, ECF No. 20, and Defendant Nancy A. Berryhill's (the "Commissioner") Cross-Motion to Affirm, ECF No. 24.

## II. BACKGROUND

### a. Procedural Background

Bryant applied for social security benefits and supplemental security income under Title II and Title XVI of the Social Security Act (the "Act") on June 18, 2012, alleging disabling impairments as of April 20, 2008. AR 22, 45, 169–93, 278. The Social Security Administration ("Administration") denied Bryant's application in October 2012 and again upon reconsideration in April 2013. AR 88–94, 98–103.

On Bryant's request, the Administrative Law Judge ("ALJ") conducted a hearing regarding Bryant's application on February 26, 2014. AR 39–44, 105–07. On November 14, 2014, the ALJ

---

[1] Nancy A. Berryhill, as successor to Carolyn W. Colvin, is automatically substituted as Defendant in this matter under Federal Rule of Civil Procedure 25(d).

issued his decision, finding Bryant was not disabled under the Act. AR 19–32. The decision became final when the Appeals Council denied Bryant's request for review on May 2, 2016. AR 1–6.

### b. Factual Background

Bryant alleged the following impairments: myocardial infarction, low back pain, chronic hand pain secondary to a remote wrist fracture and osteoarthritis, chronic left shoulder pain secondary to tendinitis and osteoarthritis, chronic leg and foot pain, chronic migraines, bilateral hearing loss, and depression. AR 24, AR 279.

The ALJ conducted a hearing in February 2014 after the initial denials of Bryant's application. AR 39–44. Bryant was represented by counsel at the hearing. Id. The ALJ granted Bryant's request to leave the administrative record open for two weeks after the hearing to supplement her medical records and provide additional briefing. AR 42–43. The ALJ then questioned Bryant about her last date of employment and her medical insurance coverage. AR 43–44. Bryant offered no additional testimony; her counsel asked her no questions. See AR 39–44. In concluding the hearing, the ALJ explained that Bryant's attorney may supplement the record within the next two weeks and may submit an additional brief thereafter. Id. The ALJ also explained that another hearing would be needed only if he had any additional questions. AR 44. No additional briefing was provided. See generally AR.

The ALJ issued his decision on November 14, 2014. AR 19–32. The ALJ first found that Bryan had not engaged in substantial gainful activity since April 20, 2008. AR 24. The ALJ then found that Bryant had two severe impairments under the Act: (1) cerebrovascular disease/ischemic heart disease and (2) degenerative disc disease. Id. The ALJ determined that the other alleged disabilities, including Bryant's depression, were not severe. Id. Regarding Bryant's allegations of major depression, the ALJ found:

> Although the claimant alleged depression, there is no evidence of treatment with a mental health professional and the providers do not reference behavioral abnormalities within the progress notes. Accordingly, I accept the assessment of the state agency medical consultant and find no restrictions/difficulties in activities of daily living, maintain social functioning, or maintaining concentration persistence or pace, and no episodes of decompensation (20 CFR, Part 404, Subpart P, Appendix 1; Exhibit 8A). Because the claimant's medically determinable mental impairment causes no more than "mild" limitation in any of the first three functional

areas and "no" episodes of decompensation which have been of extended duration in the fourth area, it is nonsevere (20 CFR 404.1520a(d)91); 416.920a(d)(1)).

AR 24–25. The ALJ then determined that Bryant's impairments did not amount to the medical equivalent of an impairment demanding a finding of disability. AR 25.

The ALJ continued in the disability evaluation process by deciding Bryant's residual functional capacity ("RFC").[2] Id. In deciding Bryant's RFC, the ALJ first noted that Bryant failed to complete a function report and did not testify as to her specific limitations resulting from her alleged impairments. Id. He then considered medical evidence on file and found that Bryant maintained an RFC to perform a range of medium work in an unskilled capacity. Id. Based on the determined RFC and assuming her past work was unskilled, the ALJ concluded that Bryant could perform a significant number of jobs existing in the national economy. AR 27.

Bryant's medical records show a history of depression. Bryant was taken to Kaiser Foundation Hospital Emergency Department on April 20, 2008. AR 366–68. Carol Schaffer, M.D., treated Bryant, diagnosing her with a first-time seizure. AR 368. Anima Mathur, M.D., also examined Bryant during her hospitalization, noting her mental status as "alert, oriented x 3". AR 373. But at discharge, Bryant's medication regimen was noted as including multiple antidepressants. AR 433, 436.

At a weight management appointment on June 25, 2008, Rubi Myrick, RD CDE, noted that Bryant explained she had a history of depression and was taking depression medication. AR 475.

Bryant was diagnosed with major depression disorder by Daniel Dal Cordo, Psy.D., on April 15, 2009. AR 494–95. Dr. Dal Cordo described Bryant as "depressed, anxious, angry and sad". AR 495. He assigned her a distress level of 9 out of 10. Id. He recommended that Bryant schedule a follow up appointment with another doctor and ask for a "depression CBT group." AR 496.

In October 2009, Brian Joseph, M.D., listed major depression as a current health issue after reviewing Bryant's patient medical history. AR 505. He was treating Bryant for rib pain. Id.

---

[2] RFC is defined as the most an individual **is** capable of doing in a work setting despite the individual's impairments and related symptoms, such as pain. 20 C.F.R. § 416.945(a)(1).

On December 16, 2011, Bryant returned to the emergency department out of fear she was suffering a stroke. AR 558. Michael Madland, M.D., stated that Bryant entered the emergency department with an "altered level of consciousness." AR 553. The report notes Bryant's history of major depression. AR 553–54. She also reported feelings of "significant stress and anxiety." AR 553. Scott Abramson, M.D., also noted that Bryant was "very upset" and "tearful" during her examination. AR 558.

In his decision, the ALJ relied on records detailing physical ailments as well as the reports of two reviewing medical consultants: Thomas Phillips, M.D., and G. Lee, M.D. AR 26.

In the report by Dr. Phillips, the summary of an analysis on Bryant's mental status reads: "Claimant does not allege any mental issues. Records show in April 2009 she was diagnosed with depression after being seen with relationship problems. […] Claimant has not seen a QMHP for treatment and was put on Wellbutrin from her PCP." AR 57. After recognizing a treating physician made the major depression diagnosis, Louis Perrot, Ph.D., concluded that "any impact [her mental illnesses] may have on her functioning would not be more than a mild effect." AR 58. He opined that Bryant maintained an RFC to perform a range of medium work and was not disabled. AR 61.

Dr. Lee also opined that Bryant was not disabled and maintained an RFC to perform a range of medium level work. AR 72–73. Nadine Genece, Psy.D., agreed in the same report that Bryant did not have any limiting mental illnesses. AR 69.

### III. LEGAL STANDARD

42 U.S.C. § 405(g) provides for judicial review of the Commissioner's disability determinations and authorizes district courts to enter "a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." In undertaking that review, an ALJ's "disability determination should be upheld unless it contains legal error or is not supported by substantial evidence." Garrison v. Colvin, 759 F.3d 995, 1009 (9th Cir. 2014) (citation omitted). "Substantial evidence means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable

person might accept as adequate to support a conclusion." Id. (quoting Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007)) (quotation marks omitted).

"If the evidence can reasonably support either affirming or reversing a decision, [a reviewing court] may not substitute [its] judgment for that of the Commissioner." Lingenfelter, 504 F.3d at 1035. Nevertheless, the Court may not simply affirm by selecting a subset of the evidence supporting the ALJ's conclusion, nor can the Court affirm on a ground on which the ALJ did not rely. Garrison, 759 F.3d at 1009-10. Rather, the Court must "review the administrative record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusion," to determine whether that conclusion is supported by substantial evidence. Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995).

The Social Security Act has established a five-step sequential evaluation procedure for determining Social Security disability claims. See 20 C.F.R. § 404.1520(a)(4); Garrison v. Colvin, 759 F.3d 995, 1010 (9th Cir. 2014). At step two, the Administration "consider[s] the medical severity of the [claimant's] impairment(s)." 20 C.F.R. § 404.1509(a)(4)(ii). The Administration will conclude that a claimant is not disabled if the claimant has neither "a severe medically determinable physical or mental impairment that meets the duration requirement in § 404.1509, or a combination of impairments that is severe and meets the duration requirement[.]" Id.

During the disability evaluation process, an ALJ "has an independent duty to fully and fairly develop the record and to assure that the claimant's interests are considered." Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001) (internal quotations omitted). The duty is triggered when the record evidence is ambiguous or when the ALJ finds the record is inadequate to allow for proper evaluation. Id. The ALJ may discharge the duty by "subpoenaing the claimant's physicians, submitting questions to the claimant's physicians, continuing the hearing, or keeping the record open after the hearing to allow supplementation of the record." Id. Although the duty is heightened when a claimant is unrepresented, it also applies when a claimant is represented by counsel. Id. Further, despite the duty, the claimant "is ultimately responsible for providing the evidence to be used in making the RFC finding." Widmark v. Barnhart, 454 F.3d 1063, 1068–69 (9th Cir. 2006). The claimant also bears the burden of showing prejudice from an ALJ's error.

McLeod v. Astrue, 640 F.3d 881, 888 (9th Cir. 2011). While "the reviewing court can determine from the circumstances of the case that further administrative review is needed to determine whether there was prejudice from the error," the "mere probability [of prejudice] is not enough." Id.

**IV. DISCUSSION**

The parties dispute a single issue: whether the ALJ sufficiently developed the record to determine Bryant's mental health status and its effect on her RFC. Bryant argues the ALJ erred by determining Bryant's major depression disorder was not severe by relying on an insufficient administrative record instead of ordering a functional assessment. The Commissioner responds that the administrative record adequately supports the ALJ's decision because it shows: Bryant received only minimal and conservative treatment for her depression; Bryant's medical state was unremarkable during multiple examinations conducted for other ailments; and the two reviewing reports contained opinions from experts in the specific field that Bryant's depression had at most a mild effect on her daily functioning. The Commissioner also argues the ALJ satisfied any duty to develop the administrative record by leaving the administrative record open for two weeks after the February 2014 hearing for supplementation purposes. The Court agrees with the Commissioner.

To begin, the Court turns to the February 2014 hearing, at which Bryant was represented by legal counsel. The ALJ indicated that the record was neither ambiguous nor inadequate at the hearing. He specifically explained how the matter would proceed: the administrative record would remain open for two weeks based on Bryant's request; he would consider any additional medical evidence and briefing; he would issue a decision unless he had any unresolved questions, in which case another hearing would result. Through this explanation, the ALJ communicated his intent to decide the matter on the administrative record unless Bryant raised an issue requiring additional clarification. Bryant, through her counsel, did not attempt to offer any testimony at the hearing. Bryant also failed to provide any supplemental brief despite the opportunity to do so. The ALJ therefore decided the matter on the administrative record, which contains substantial evidence to

support the ALJ's decision, *e.g.*, the reviewing physician's opinions. See Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002) ("The opinions of non-treating or non-examining physicians may also serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record.").

Further, the ALJ discharged his duty to supplement the administrative record even if it were ambiguous or inadequate at the time of the hearing by ordering that the administrative record remain open for two weeks after the hearing. Tonapetyan, 242 F.3d at 1150 (recognizing the ALJ may discharge his duty to supplement the administrative record by "keeping the record open after the hearing to allow supplementation of the record."). Bryant, who bears the ultimate burden for proving her disability, did not act on the opportunity to provide further briefing or substantial evidence to suggest disabling depression in light of the multiple mental health notes and reviewing physician's opinions.

Moreover, if the ALJ relied on an ambiguous or inadequate administrative record, Bryant has failed to satisfy another burden: demonstrating prejudice. Bryant argues that "if new information relating to physical information was received, it could have limited [Bryant] to less than medium work." ECF No. 20 at 7. However, under McLeod, the mere possibility of prejudice cannot suffice. Bryant has not pointed to any information or reasoning specifically allowing this Court to find more than a probability of prejudice.

Finally, Bryant focuses her argument on the effect her depression could possibly have on her RFC calculation. Bryant argued in her brief before the ALJ that she should be limited "to unskilled work due to psychological impairments and medication side effects." AR 279. The ALJ's findings comport with the limitation sought by Bryant; the ALJ found Bryant's past-relevant work to be unskilled. Based on the overall record providing support for the ALJ's determination and Bryant's failure to point to any evidence or reasoning to support a finding of prejudice, the Court finds Bryant failed to meet her burden. The Court denies her motion accordingly.

### V. CONCLUSION

**IT IS ORDERED** that Plaintiff Janet Louise Bryant's Motion for Reversal and Remand

(ECF No. 20) is DENIED.

**IT IS FURTHER ORDERED** that Defendant Nancy A. Berryhill's Motion to Affirm (ECF No. 24) is GRANTED.  The Clerk of Court is ordered to close this case.

DATED: October 30, 2018.



**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**